UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SURPAUL COTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 15-10728-IT |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**January 25, 2016**

**TALWANI, D.J.**

Plaintiff Surpaul Cottrell ("Cottrell") filed a self-prepared Complaint [#1] and

Application to Proceed in District Court without Prepaying Fees or Costs [#2].  The form

Application is for proceedings in the United States District Court for the District of

Massachusetts.  The Complaint, however, is captioned for a civil action in the Superior Court for

the Commonwealth of Massachusetts.  In the Complaint, Cottrell alleges that:

> Jurisdiction is based upon the Commonwealths Constitution and Declaration of
> rights, Massachusetts Civil Rights Act, Massachusetts Torts Claims Act and on
> the pendent jurisdiction of this court to entertain a claim arising under federal law
> and under the National Constitution of the United States.

 Complaint, at 3.   Cottrell asserts that this is an action for violation of his constitutional rights

brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Mass. Gen. L. ch. 12, § 111, and

that the Defendants' actions resulted in the deprivation of his state and federal constitutionally

protected rights.  Id. at 1, 3.  The four claims for relief (labelled Second, Third, Fourth and Fifth

Claims for Relief) make no mention, however, of any federal claims.  Id. at 10- 14.  Based on the caption, the jurisdictional allegation of the Complaint, and the claims for relief, it appears that Cottrell may have intended to file this action in state court and to bring any federal claims as pendant in that forum.   Accordingly, Cottrell is directed to notify the court in writing within 28 days if he seeks to proceed here.  In the event that Cottrell does not notify the court that he seeks to proceed in this court, the action will be dismissed without prejudice.

The court has reviewed Cottrell's financial affidavit and prison account statement, and finds that Cottrell lacks funds to pay the filing fee for this action.  Nevertheless, because he is a prisoner, if he does seek to proceed here, he will be obligated to pay the filing fee in installments pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (the *in forma pauperis* statute).  Accordingly, if Cottrell notifies the court that he seeks to proceed here, his Application to Proceed in the District Court without Prepaying Fees or Costs [#2] will be allowed and he will be assessed an initial partial filing fee of $87.11, pursuant to 28 U.S.C. § 1915(b)(1)(A)[1]; and the remainder of the fee, $262.89, will be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

Finally, because Cottrell is a prisoner as defined by 28 U.S.C. § 1915(h), if he seeks to proceed in federal court, the screening provisions of the PLRA will also come into play.  Section

---

[1]  The initial partial assessment represents 20% of the average monthly deposits in Cottrell's prison account as reflected in the statement submitted for the period September 1, 2014 to February 23, 2015.  This calculation was manually prepared and is made without prejudice to Cottrell seeking reconsideration based on certified account information in accordance with the formula set forth in 28 U.S.C. § 1915(b).  Further, the initial partial assessment is made regardless of whether or not Cottrell currently has sufficient funds in his prison account to pay. The *in forma pauperis* statute requires the initial partial filing fee be assessed, but collection to occur "when funds exist."  28 U.S.C. § 1915(b)(1).

1915A authorizes the court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

Although Plaintiff alleges that his action is for money damages for the violation of his constitutional rights brought in part pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, Plaintiff's complaint does not set forth any claims for relief based on violation of federal law.  In addition, sovereign immunity will bar any claims for monetary damages against the individual defendants in their official capacities, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984), and under the law of this circuit, "parole board members are entitled to absolute immunity from liability for damages ... for actions taken within the proper scope of their official duties."  Johnson v. Rhode Island Parole Board Members, 815 F.2d 5, 8 (1st Cir. 1987) (per curiam); cf. id. at 6 ("parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole" (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981))).

Apart from these various legal impediments,  Cottrell's claims for monetary damages against each of the defendants under the Civil Rights Act is likely to be barred by the favorable termination rule as set forth in the United States Supreme Court's decisions in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court explained that where "'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction,"  a § 1983 action will not lie "unless ... the

3

conviction or sentence has already been invalidated" and that  "in order to recover damages for

allegedly unconstitutional conviction or imprisonment ... a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus ...."  Id. at 481, 486-87.  In the instant case,

Cottrell does not expressly seek release from custody, nor does he seek a declaratory judgment or

a rehearing on his parole revocation.  In order for Cottrell to recover monetary damages,

however, his revocation hearing and thus his confinement would be called into question.

For all the reasons set forth above, this action may be subject to dismissal on initial

screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Accordingly,

1.      Within 28 days of the date of this Memorandum and Order, Cottrell may notify

the court in writing if he seeks to proceed here;

2.      In the event that Cottrell does not notify the court that he seeks to proceed in this

court, the action will be dismissed without prejudice;

3.      In the event that Cottrell does notify the court that he seeks to proceed in this

court, Plaintiff's Motion for Leave to Proceed in forma pauperis (Docket No. 2) will be allowed

and the filing fee will be assessed pursuant to 28 U.S.C. § 1915(b) and Plaintiff will be directed

to demonstrate good cause why this action should not be dismissed with prejudice for the reasons

stated above; and

4.      No summonses shall issue pending further Order of the Court.


IT IS SO ORDERED.                              /s/ Indira Talwani
                                               United States District Judge